IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**HELEN F. PITTMAN,**                                    CV 05-509-BR

      **Plaintiff,**                                    **OPINION AND ORDER**

v.

**STATE OF OREGON, EMPLOYMENT**
**DEPARTMENT, and DEBORAH**
**LINCOLN, Director of**
**Employment Department,**

      **Defendants.**


**GLENN SOLOMON**
2125 S.W. Fourth Avenue
Suite 600
Portland, OR  97201
(503) 221-1792

    Attorney for Plaintiff


1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**MARC ABRAMS**
**PHILIP M. BENDER**
Assistant Attorneys General
Department of Justice
1162 Court Street, NE
Salem, OR 97301
(503) 378-6313

      Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion to Dismiss (#3) and Defendants' Motion to Compel Production of Documents (#12).

Plaintiff Helen Pittman, a former employee of the State of Oregon Employment Department, brings this action pursuant to 42 U.S.C. §§ 1981 and 1983 alleging Defendants (1) discriminated against her on the basis of her race and color and (2) terminated her employment without due process.

For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES as moot** Defendants' Motion to Compel Production.

## BACKGROUND

Pittman worked for the State of Oregon Employment Department as an Employer Tax Auditor from 1988 to February 24, 2004, when Defendant Deborah Lincoln terminated Pittman's employment.

On March 30, 2005, Pittman filed a Complaint in Multnomah

2 - OPINION AND ORDER

County Circuit Court alleging Defendants (1) discriminated against her on the basis of her race and color and (2) terminated her employment without due process in violation of 42 U.S.C. §§ 1981 and 1983. On April 12, 2005, Defendants removed the action to this Court on the basis of federal question jurisdiction.

On April 12, 2005, Defendants filed a Motion to Dismiss alleging Pittman cannot bring an action against the State of Oregon under § 1981 or § 1983. Defendants further allege Defendant Lincoln has not been properly served, and, therefore, she is not a party to this action.

## STANDARDS

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)(citation omitted). A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998). When reviewing the sufficiency of the complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is

3 - OPINION AND ORDER

entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *McGary*, 386 F.3d at 1261 (internal quotation and citation omitted).

In addition, if a court dismisses a claim pursuant to Rule 12(b)(6), the Court should grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency. *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See also Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

## DEFENDANTS' MOTION TO DISMISS

### I. Plaintiff's § 1983 Claims Against the State of Oregon

The State of Oregon moves to dismiss Plaintiff's § 1983 claims against it. The State contends it is not a person within the meaning of § 1983, and, therefore, Plaintiff may not assert a § 1983 claim for money damages against the State. Plaintiff did not respond to the State's argument.

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege, or immunity secured by the United States Constitution or federal law by a person acting under color of state law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992). *See also Collins v. Womancare*, 878

F.2d 1145, 1147 (9th Cir. 1989).

The Supreme Court has held states are not "persons" against whom claims for money damages may be asserted under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). *See also Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 917 (9th Cir. 2003); *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1992). The Court, therefore, grants the State's Motion to Dismiss with respect to Plaintiff's § 1983 claims against the State.

## II. Plaintiff's § 1981 Claims against the State of Oregon

The State of Oregon moves to dismiss Plaintiff's § 1981 claims against it. The State contends (1) it is immune from causes of action under § 1981 pursuant to the Eleventh Amendment and (2) there is no right to bring an action against the State under § 1981.

### A. The State of Oregon Waived its Eleventh Amendment Immunity

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Thus, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

5 - OPINION AND ORDER

The Eleventh Amendment, however, "is not a true limitation on the court's subject matter jurisdiction, but rather a personal privilege that a state may waive." *Hill v. Blind Indus. and Serv. of Md.*, 179 F.3d 754, 760 (9th Cir. 1999). "A waiver of Eleventh Amendment immunity must unequivocally evidence the state's intention to subject itself to the jurisdiction of the federal court." *Id.* at 758. "[A] state may waive its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity." *Id.* A state waives its Eleventh Immunity when it removes a case from state court to federal court because in so doing, a state "voluntarily invoke[s] the federal court's jurisdiction." *Embury v. King*, 361 F.3d 562, 564-65 (9th Cir. 2004)

Plaintiff filed an action in state court. The State of Oregon removed the case to federal court, and the State, therefore, "voluntarily invoked the federal court's jurisdiction." *Id*. Accordingly, the Court finds the State waived its Eleventh Amendment immunity when it removed this case to federal court.

### B. No Right to Bring an Action against the State Under § 1981

The State contends 42 U.S.C. § 1981 does not allow Plaintiff to bring an action against the State or one of its agencies and cites *Jett v. Dallas Independent School District*, 491 U.S. 709 (1989), to support its contention.

6 - OPINION AND ORDER

Plaintiff contends the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991), created an implied right of action against state actors, including the state itself, and relies on *Federation of African American Contractors v. City of Oakland*, 96 F.3d 1204 (9th Cir. 1996), to support its argument. The State, however, argues *Federation of African American Contractors* involved an action against a municipality rather than a state, and, therefore, its holding is limited to actions against municipalities.

In *Jett*, the plaintiff, an employee of defendant Dallas Independent School District, alleged his supervisor reassigned the plaintiff for discriminatory reasons. 491 U.S. at 707. The plaintiff brought an action against the school district and the plaintiff's supervisor in his personal and official capacities under 42 U.S.C. § 1983 and §1981. *Id*. At the time *Jett* was issued, 42 U.S.C. § 1981 provided:

> (a) Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
>
> For purposes of this section, the term "make and enforce contracts" includes the making,

7 - OPINION AND ORDER

>     performance, modification, and termination of
>     contracts, and the enjoyment of all benefits,
>     privileges, terms, and conditions of the
>     contractual relationship.

The Court concluded the Plaintiff's cause of action for damages under § 1983 constituted "the exclusive federal remedy for violation of the rights guaranteed in § 1981." *Jett*, 491 U.S. at 733. Accordingly, the Court held § 1981 does not provide an independent federal cause of action for damages against local government entities. *Id*. at 738.

Two years after *Jett*, Congress passed the Civil Rights Act of 1991, which added two new subsections to 42 U.S.C. § 1981. The new § 1981(c), the section at issue here, provides "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." In *Federation of African American Contractors*, the Ninth Circuit held the language of § 1981(c) "statutorily overrules *Jett*'s holding that 42 U.S.C. § 1983 provides the exclusive federal remedy against municipalities for violation of the civil rights guaranteed by 42 U.S.C. § 1981." 96 F.3d at 1205. Plaintiff, nevertheless, contends the Ninth Circuit's ruling in *Federation of African American Contractors* allows Plaintiff to bring an action against the State pursuant to § 1981.

In *Federation of African American Contractors*, plaintiff brought an action against the City of Oakland and

8 - OPINION AND ORDER

Alameda County for discrimination in violation of § 1983 and § 1981. 96 F.3d at 1205-06. Although the Ninth Circuit referred to "state actors" in its analysis, it used the phrase generically to refer to the city and county defendants. As noted, the issue of a plaintiff's right to bring an action against a state or a state agency was not before the court.

The Ninth Circuit found § 1981(c) did not expressly authorize private claimants to bring actions against municipalities directly. *Id.* at 1210. The court then used the four-factor test outlined in *Court v. Ash*, 422 U.S. 66 (1975), to determine whether § 1981(c) created an implied private cause of action for damages against municipalities. As part of its analysis, the Ninth Circuit determined it was consistent with the underlying purposes of the legislative scheme to imply a remedy against municipalities under § 1981. *Id*. at 1214. The court reasoned:

> Implying a cause of action directly under § 1981, moreover, will not disrupt federal civil rights litigation, and will impose no greater burden on government defendants, who under *Jett* were subject to suits under 42 U.S.C. § 1983 for violations of 42 U.S.C. § 1981. Allowing plaintiffs to bring suits against municipalities directly under § 1981 to enforce § 1981 rights instead of under § 1983 imposes no substantive change on federal civil rights law.

*Id.*

The Ninth Circuit, however, did not have before it the issue whether a § 1981 action could be brought against a state

9 - OPINION AND ORDER

nor did the court indicate its ruling allowed actions to be brought against a state under § 1981. This Court concludes, therefore, the court's reasoning does not apply to cases in which plaintiffs seek to bring an action against the state under § 1981 because, unlike municipal defendants who are "subject to suits under § 1983," state defendants are not "persons" under § 1983 and, therefore, are not "subject to suit under § 1983." *Compare Monell v. Dep't of Soc. Serv. of N.Y.,* 436 U.S. 658 (1978)(court held "person" in § 1983 includes municipalities and other local governing bodies), *with Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)(court held a state is not a person within the meaning of § 1983). Accordingly, if this Court were to allow Plaintiff to bring an action under § 1981 against the State of Oregon, which is not "subject to suit[] under 42 U.S.C. § 1983," the Court would be imposing a substantive change on federal civil rights law.

Finally, with respect to construing statutes to allow actions against a state, the Supreme Court in *Will* reasoned

> [I]f Congress intends to alter the usual constitutional balance between the States and the Federal Government, it must make its intention to do so unmistakably clear in the language of the statute . . . . In traditionally sensitive areas, such as legislation affecting the federal balance, the requirement of clear statement assures that the legislature has in fact faced, and intended to bring into issue, the critical matters involved in the judicial decision.

491 U.S. at 65. As the Ninth Circuit noted in *Federation of*

*African American Contractors*, § 1981(c) does not contain clear or unmistakable language that establishes Congress intended to allow plaintiffs to bring actions against "state actors."  Similarly, § 1981(c) does not contain clear or unmistakable language that reflects Congress "faced, and intended to bring into issue" a plaintiff's right to bring an action against the state under § 1981.  The Court, therefore, concludes *Federation of African American Contractors* does not support Plaintiff's contention that she may bring an action against the State under § 1981.[1]

Accordingly, because *Will* and *Jett* govern the issue of Plaintiff's right to bring an action against the State under § 1981, the Court grants the State's Motion to Dismiss Plaintiff's § 1981 claims against the State.

**III. Plaintiff Has Not Properly Served Defendant Lincoln.**

Defendants allege Plaintiff has not properly served Defendant Lincoln within the time required by Or. Rev. Stat § 12.020, and, therefore, the Court should dismiss Plaintiff's claims against Lincoln.  Plaintiff contends her service of the complaint on the State of Oregon was sufficient to provide Lincoln with adequate notice, or, in the alternative, Plaintiff

---

[1] The Court notes in *Endquist v. Oregon Department of Agriculture*, No. Civ. 02-1673-AS, 2004 WL 792790 (D. Or. Apr. 8, 2004)(Ashmanskas, J.), the court held Plaintiff could bring a claim under § 1981 against the Oregon Department of Agriculture, an agency of the State of Oregon.  This Court, however, does not adopt the reasoning of *Endquist*.

had until June 29, 2005, to serve Lincoln.

> **A. Plaintiff's Service to the State of Oregon Was Not Sufficient to Constitute Service of Defendant Lincoln.**

On April 1, 2005, Plaintiff filed a summons in this matter in Multnomah County Circuit Court. The summons provides the complaint was served on the State of Oregon "c/o Deborah Lincoln." The caption on the summons does not list Deborah Lincoln as a defendant. Plaintiff contends service on the State of Oregon "care of Deborah Lincoln" was sufficient because it provided Lincoln with adequate notice of the existence of the action under Or. R. Civ. P. 7(D).

> Or. R. Civ. P. 7(D)(1) provides:
>
>> Summons shall be served . . . in any manner reasonably calculated . . . to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant.

Or. R. Civ. P. 7(C)(1)(a) requires a summons to contain "[t]he title of the cause, specifying the name of the court in which the complaint is filed and the names of the parties to the action." Or. R. Civ. P. 7(C)(1)(b) requires the summons to contain "[a] direction to the defendant requiring defendant to appear and defend within the time required . . . and a notification to defendant that in case of failure to do so, the plaintiff will

apply to the court for the relief demanded in the complaint."

Finally, Or. R. Civ. P. 7G provides:

> Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, or who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person if the court determines that the defendant received actual notice of the substance and pendency of the action. The court may allow amendment to a summons, or affidavit, declaration or certificate of service of summons. The court shall disregard any error in the content of summons that does not materially prejudice the substantive rights of the party against whom summons was issued. If service is made in any manner complying with subsection D(1) of this section, the court shall also disregard any error in the service of summons that does not violate the due process rights of the party against whom summons was issued.

The summons at issue here contains neither of the items required by Or. R. Civ. P. 7(C)(1) with respect to Lincoln. In addition, Plaintiff does not allege in her Response that she served the complaint on Lincoln in any manner required by Or. R. Civ. P. 7 or any other rule or statute.

The Oregon Court of Appeals has held Or. R. Civ. P 7G "clearly does not permit a court to disregard plaintiff's failure to serve [a] defendant[] with any summons." *Adkins v. Watrous,* 66 Or. App. 252, 256, 673 P.2d 572 (1983). In *Adkins*, the court held "[b]ecause plaintiff failed to serve defendants with any summons, the trial court did not have jurisdiction to enter a default judgment" even though the defendants admitted they knew

13 - OPINION AND ORDER

the plaintiff had filed a complaint. *Id*. (citing *State ex rel. Kalich v. Bryson*, 253 Or. 418, 421, 453 P.2d 659 (1969)).

Here Lincoln may have known Plaintiff filed a complaint in Multnomah County Circuit Court, but the state court did not acquire jurisdiction over Lincoln because Plaintiff failed to serve Lincoln properly.

**B.    Plaintiff Has Not Served Lincoln**.

In her Response, Plaintiff contends if the Court grants Defendants' Motion to Dismiss Lincoln for lack of service, Plaintiff should have until June 29, 2005, to serve Lincoln. The record before the Court, however, does not reflect Lincoln was served either before or after June 29, 2005, in this Court or in state court. Accordingly, the Court dismisses Plaintiff's claims against Lincoln.

### DEFENDANTS' MOTION TO COMPEL PRODUCTION

Because the Court grants Defendants' Motion to Dismiss, the Court denies Defendants' Motion to Compel as moot.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss (#3) and **DENIES as moot** Defendants' Motion to Compel Production (#12).

14 - OPINION AND ORDER

IT IS SO ORDERED.

DATED this 8th day of August, 2005.

                                         /s/ Anna J. Brown
                                 ANNA J. BROWN
                                 United States District Judge

Pittman CV 05-509 O&O.08-08-05.wpd